**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Epifanio Guerrero Sanchez, | ) | CASE NO. 4:24 CV 2011 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Ian Healy, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Respondents. | ) | |

### Introduction

This matter is before the Court upon the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and respondents's Motion to Dismiss (Doc. 6). For the following reasons, the Petition is DENIED and the Motion to Dismiss is GRANTED.

### Facts

Petitioner Epifanio Guerrero Sanchez filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 against respondents Warden Ian Healy, Federal Bureau of Prisons (BOP), and FCI Elkton. Petitioner is incarcerated at Federal Correctional Institution (FCI)

Elkton after being sentenced in 2018 to a term of 120 months for Conspiracy to Possess with Intent to Distribute Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States.

This matter is before the Court upon the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner exhausted his administrative remedies, and the matter has been fully briefed.

**Discussion**

Petitioner asserts that he is being denied First Step Act (FSA) time credit because he is not subject to a valid final order of removal signed by an immigration judge. For the following reasons, the Court disagrees.

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998). This includes when an inmate alleges improper calculation of First Step Act time credits. *See Hernandez v. Lamanna*, 16 Fed. App'x 317, 320 (6th Cir. 2001) (Section 2241 "is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits"). While this Petition is properly before the Court, however, respondents are correct that petitioner is not entitled to the relief sought.

Petitioner maintains that he is serving his 120 month sentence at FCI Elkton. On January 29, 2024, the BOP issued a Detainer Action Letter to the U.S. Immigration and Customs Enforcement indicating that a detainer had been filed against petitioner, who was born in Columbia, charging a Final Order of Deportation. (Doc. 1 Ex. B). Petitioner asserts

that the detainer does not preclude him from obtaining FSA time credits, and there has been no final order of removal issued by an immigration judge.

Respondents contend that petitioner is not eligible for FSA credits because he has a final order of removal. For the following reasons, this Court agrees.

Petitioner is the subject of a final order of removal. On January 16, 2024, the U.S. Immigration and Customs Enforcement issued a Notice and Order of Expedited Removal against petitioner. (Doc. 6 Ex. 2). Consequently, petitioner is ineligible for FSA time credits. 18 U.S.C. §3632(d)(4)(E)(i) states:

> (**E) Deportable prisoners ineligible to apply time credits.—**
>
> **(i) In general.**—A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under a provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

Petitioner argues that he is not the subject of a final order of removal because the Notice and Order of Expedited Removal is not signed by an immigration judge but by employees of the U.S. Immigration and Customs Enforcement agency. Petitioner is incorrect.

As respondents point out, petitioner was properly ordered removed with an expedited removal order pursuant to 8 U.S.C. § 1225(b)(1) which states in part (A)(I), "If an immigration officer determines that an alien... is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum..." Thus, an immigration officer, not an immigration judge, has the authority to order petitioner removed without a hearing or review. Petitioner was deemed inadmissible to the

3

United States. 8 U.S.C. § 1182 defines inadmissible aliens. Part (a)(7)(A)(i)(I) states:

> Except as otherwise specifically provided in this chapter, any immigrant at the time of application for admission--
> (I) who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title… is inadmissible.

The Notice and Order of Expedited Removal issued against petitioner shows that an immigration officer ordered petitioner removed on January 16, 2024, because he is an immigrant without valid documentation. (Doc. 6 Ex. 2, citing the statute). Because petitioner was properly ordered removed and the statute does not require an immigration judge to sign the final order of removal, petitioner is not entitled to relief.

For these reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is denied and respondents's Motion to Dismiss is granted.

### Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is denied and respondents's Motion to Dismiss is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/9/25